UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TIMOTHY RAY SADLER,

    Plaintiff,

v.                                                                                   Case No. 4:19cv447-MCR-HTC

STATE OF FLORIDA, et al.,

    Defendants.
_____/

ORDER and REPORT AND RECOMMENDATION

Plaintiff, Timothy Ray Sadler, filed an amended civil rights complaint under 42 U.S.C. § 1983, ECF Doc. 6, and a motion to proceed *in forma pauperis*. ECF Doc. 5. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). For the reasons set forth below, the undersigned recommends the complaint be dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915(g) as malicious for failure to truthfully disclose his prior litigation history and because Sadler has, on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, and Sadler is not under imminent danger of serious physical injury.

**1.    Plaintiff's Disclosures**

Section IV of the amended civil rights complaint form filled out by Plaintiff is titled Previous Lawsuits and warns "FAILURE TO DISCLOSE ALL PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL."  ECF Doc. 6.  Section VI then asks: "C. Have you initiated other actions . . . in either state or federal court that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?"; and "D.  Have you ever had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service?"  ECF Doc. 6 at 6.  The form requires Plaintiff to identify and describe any cases responsive to the questions.

In response to question C, about the filing of any other federal or state law suits, checked "Yes" and added "but only the case sent to other address to get filed."  On a separate sheet, he listed a case filed in the Southern District of Florida styled *Sadler v. Florida, et al.*, 1:19-cv-23871-KMW, which appears to address the exact

issues as the instant case.[1]  ECF Doc 6 at 5-6.  Sadler also wrote in the answers for question C, "State of Oregon & Texas filed cases all moot sir but didn't involve this case or as questioned above."  *Id.*  In the response to question D, about dismissal of any case as failing to state a claim, etc., Plaintiff marked "no" and did not disclose any cases.  *Id.*  He wrote in the first blank space under question D: "not that I can remember sir."  *Id.* at 6.

At the end of the complaint, Plaintiff signed his name after the following statement: "I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT."  *Id.* at 11.  Thus, Plaintiff has sworn that at the time he filed the complaint, he had not had any federal cases dismissed as frivolous, malicious, failing to state a claim, or before service, and had not filed any federal cases related to the fact or manner of his incarceration other than the one he disclosed.  The complaint was signed and submitted to prison officials for mailing on September 29, 2019.  *Id.*

### 2.  Prior Cases Filed by Plaintiff

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete the complaint forms,

---

[1] As an additional matter, Plaintiff would not be able to maintain an action in two separate courts alleging the same harm, against the same parties and seeking the same relief.

Case No. 4:19cv447-MCR-HTC

especially when a lack of candor in informing the Court of prior lawsuits may affect the Court's jurisdiction. In light of 28 U.S.C. § 1915(g), the court must necessarily investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision, discussed below. A review of cases on PACER nationwide revealed that Sadler failed to disclose many cases that were responsive to both questions IV.C and IV.D., including at least three (3) cases dismissed by this Court, which constitute a strike under 28 U.S.C. § 1915(g).

Sadler failed to disclose that he filed the following cases in the Northern District: *SADLER v. ESCAMBIA COUNTY BOARD OF COMMISSIONERS et al.*, 3:14-cv-00475-MCR-CJK (a jail conditions case dismissed for Plaintiff's failure to comply with an order of the Court and failure to keep the Court informed of his current address); *SADLER v. VERBOIS et al*, 3:14-cv-00544-MCR-CJK- (a case dismissed for failure to keep the court apprised of his mailing address), and *SADLER v. MORGAN*, 4:14-cv-00199-RH-GRJ-- (a case about conditions at Florida State Hospital, which is in the prison system, which was dismissed for failure to prosecute and failure to comply with an order of the Court). Because each of these cases was dismissed for failure to follow court orders, each counts as a strike. *See Buckle v. Daniels*, 2010 WL 1838073 (2010) (identifying types of cases counting as strikes as including refusal to comply with court orders as including refusal to comply with

court orders and *citing Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1544 (11th Cir. 1993)).

The Court also identified a host of other cases that were filed in the same name as the Plaintiff's complaining about prison conditions, which Plaintiff failed to disclose. These other cases, identified below, include at least one that was dismissed prior to service. All of them count as strikes:

- *Sadler v. United States of America*, 1:2017cv00367, Georgia Northern District Court (complaint about conditions at Montana detention center dismissed for failure to comply with court orders)
- *Sadler v. Sheriff Dutton et al.*, 6:2016cv00083, Montana District Court, consolidated with *Sadler v. Dutton*, 9:2017cv00026, Montana District Court, and *Sadler v. McCarthy et al.*, 6:2017cv00042, Montana District Court (conditions of confinement case dismissed for failure to comply with court orders and failure to state a claim; marked as a 'strike' by District Court)
- *In Re Sadler*, 6:2016cv00099, Montana District Court (prisoner § 1983 suit dismissed as frivolous prior to service)
- *Sadler v. M.S.P.*, 6:2017cv00101, Montana District Court (prisoner § 1983 case dismissed prior to service as frivolous; marked as a 'strike' by District Court)
- *Sadler v. State of Montana, et. al*, 1:2017cv00699, New Mexico District Court (prisoner § 1983 case dismissed a frivolous prior to service).

### 3. Plaintiff is a Three-Striker Under 28 U.S.C. § 1915(g)

Under Title 28 U.S.C. § 1915(g), a prisoner is prohibited from proceeding *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may

be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. §1915(g).

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

Plaintiff was a three-striker at the time he filed the amended complaint on September 26, 2019, ECF Doc 6, and when he filed his original complaint on September 11, 2019. As set out above, he previously had at least three (3) federal cases dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted. Cases dismissed for failure to comply with Court orders count as strikes under § 1915(g). *See Huffine v. United States*, 25 Cl. Ct. 462, 464 (Cl. Ct. 1992) (pro se litigant's refusal to comply with Court orders was an "abuse of the judicial process"); *Rivera v. Allin*, 144 F.3d 719, 731

Case No. 4:19cv447-MCR-HTC

(11th Cir.1998), *rev'd on other grounds, Jones v. Brock*, 549 U.S. 199 (1998) (a case dismissed as an "abuse of the judicial process" counts as a strike under 28 U.S.C. § 1915(g)).

As Plaintiff has three strikes, he may not litigate this case *in forma pauperis* unless he demonstrates he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown, supra*. The allegations in the initial complaint (ECF Doc. 1) and the amended complaint (ECF Doc. 6) do not make that showing. Therefore, this case should be dismissed under 28 U.S.C. § 1915(g).

**4.     Dismissal as an Abuse of the Judicial Process**

Even if Plaintiff were not a three-striker, which he clearly is, this case is still subject to dismissal for Plaintiff's failure to disclose his significant ligation history. The Court has the authority to control and manage matters such as this pending before it, and Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it.

If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. The Court should not allow Plaintiff's false responses to go unpunished. An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the Court with true factual

statements or responses is to dismiss this case without prejudice. *See Bratton v. Secretary*, No. 2:10cv517-FtM-29DNF, 2012 WL 2913171 (M.D. Fla. July 16, 2012) (dismissing case without prejudice where prisoner failed to disclose one prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, 5:08cv300-RS-EMT, 2010 WL 1380247 (N.D. Fla. Mar. 3, 2010) (dismissing case without prejudice where prisoner failed to disclose one prior federal case). Thus, as an additional basis for dismissal, the Court finds that Plaintiff has abused the judicial process through his lack of candor in filling out the amended complaint form.

Accordingly, it is ORDERED:

1. Plaintiff's motion to proceed *in forma pauperis* (ECF Doc. 5) is denied.

And it is respectfully RECOMMENDED:

1. That this case be dismissed without prejudice under 28 U.S.C. §§ 1915(g) and 1915(e)(2)(B).

2. That the clerk be directed to close the file.

DONE AND ORDERED this 11th day of October, 2019.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**